THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* LEONARD PRATT

*v.*

WHEATON COLLEGE.

1. COLLEGE—*power of authorities to regulate its discipline.* A rule of an incorporated college which forbids its students joining any secret society is not unreasonable; it neither violates good morals nor the law of the land, and is, therefore, clearly within the power of its authorities to make and enforce.

2. College authorities possess a discretionary power to regulate its discipline, and, so long as its rules violate neither divine nor human law, this court cannot interfere.

3. A statutory right to do certain things does not guaranty the right to a person to do them at all possible times and under all possible circumstances; it simply means that the law does not forbid these things to be done, and such right may be surrendered.

4. When, under such a rule, a person becomes a member of the college, he is precluded from joining any secret society, and may be expelled for its violation.

APPEAL from the Circuit Court of Du Page county; the Hon. ISAAC G. WILSON, Judge, presiding.

The opinion states the case.

Mr. J. H. KNOWLTON and Mr. L. E. DE WOLF for the appellant.

Messrs. FARWELL & ARRINGTON, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

E. Hartley Pratt, a student in Wheaton college, joined a secret society known as the Good Templars, in violation of the college rules. For this the faculty "suspended him from the privileges of the institution until he should express a purpose to conform to its rules." His father thereupon applied for a mandamus to compel the college to re-instate him as a student. The mandamus was refused, and the relator has brought the case here.

Wheaton college is an incorporated institution, resting upon private endowments, and deriving no aid whatever from the State or from taxation. Its charter gives to the trustees and faculty the power " to adopt and enforce such rules as may be deemed expedient for the government of the institution," a power which they would have possessed without such express grant, because incident to the very object of their incorporation, and indispensable to the successful management of the college. Among the rules they have deemed it expedient to adopt, is one forbidding the students to become members of secret societies. We perceive nothing unreasonable in the rule itself, since all persons familiar with college life know that the tendency of secret societies is to withdraw students from the control of the faculty, and impair to some extent the discipline of the institution. Such may not always be their effect, but such is their general tendency. But whether the rule be judicious or not, it violates neither good morals nor the law of the land, and is therefore clearly within the power of the college authorities to make and enforce. A discretionary power has been given them to regulate the discipline of their college in such manner as they deem proper, and so long as their rules violate neither divine nor human law, we have no more authority to interfere than we have to control the domestic discipline of a father in his family. It is urged that the Good Templars are a society established for the promotion of temperance, and incorporated by the legislature, and that any citizen has a right to join it. We do not doubt the beneficent objects of the society, and we admit that any citizen has a right to join it if the society consents. But this right is not of so high and solemn a character that it cannot be surrendered, and the son of the relator did voluntarily surrender it when he became a student of Wheaton college, for he knew, or must be taken to have known, that by the rules of the institution which he was voluntarily entering, he would be precluded from joining any secret society. When it is said that a person has a legal *right* to do certain things, all that the phrase means is, that the law does not forbid these things to be done. It does not mean that

the law guaranties the right to do them at all possible times and under all possible circumstances. A person in his capacity as a citizen may have the right to do many things which a student of Wheaton college cannot do without incurring the penalty of college laws. A person as a citizen has a legal right to marry, or to walk the streets at midnight, or to board at a public hotel, and yet it would be absurd to say that a college cannot forbid *its* students to do any of these things. So a citizen, as such, can attend church on Sunday or not, as he may think proper, but it could hardly be contended that a college would not have the right to make attendance upon religious services a condition of remaining within its walls. The son of the relator has an undoubted legal right to join either Wheaton college or the Good Templars, and they have both an undoubted right to expel him if he refuses to abide by such regulations as they establish, not inconsistent with law or good morals.

*Judgment affirmed.*